DECISION
John Mastin was indicted on January 5, 2001, and charged with aggravated murder with death penalty specifications, aggravated robbery, kidnapping and having a weapon while under disability. He entered a plea of not guilty at arraignment, and qualified counsel was appointed to represent him.
The parties engaged in extensive pre-trial motions practice and discovery. Ultimately, a plea agreement was reached and Mr. Mastin pled guilty to aggravated murder with a firearm specification but no death penalty specification and to robbery with a repeat violent offender specification. The parties jointly recommended a sentence of twenty-eight years to life. The trial judge entered the sentence recommended to him by the parties in a judgment entry journalized September 18, 2001.
On December 7, 2001 Mr. Mastin filed a motion seeking leave to file a delayed appeal. The motion was granted and the Office of the Franklin County Public Defender was appointed to represent Mr. Mastin on appeal.
A single assignment of error has been presented for our consideration:
"The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary."
A careful review of the plea proceedings reveals that the trial judge was extremely thorough in inquiring about the voluntariness of the plea. The trial judge also was thorough in reviewing the rights specified in Crim.R. 11 and in obtaining a spoken waiver of those rights in open court.
When he filed his own motion for a delayed appeal, Mr. Mastin was arguing that the court did not have jurisdiction to accept his plea because only a single judge heard the plea proceedings, as opposed to a three-judge panel. However, as a part of the plea proceedings, the death penalty specifications were dismissed. A single judge can accept a plea to a charge of aggravated murder to which no death penalty specifications are attached. We do not find for purposes of jurisdiction that it matters whether the dismissal of the death penalty specification occurs before the plea or as a part of the plea proceedings and acceptance of the plea bargain. In either circumstance, a single trial judge can accept the plea to the aggravated murder without death penalty specifications.
Appellate counsel for Mr. Mastin has attempted to argue a variation of Mr. Mastin's issue and to suggest that the failure of the trial judge to tell Mr. Mastin that he could go to trial before a three-judge panel on aggravated murder with death penalty specifications somehow made the plea to aggravated murder without death penalty specifications less than knowing, intelligent and voluntary. Crim.R. 11 does not require this specific waiver, and we are not inclined to engraft it onto the rule.
Experienced counsel, such as those appointed to represent Mr. Mastin, normally will explain in detail the trial options available to a person facing the death penalty. We have no reason to believe that Mr. Mastin was unaware of the option for trial to a three-judge panel. We also have no reason to believe that under any circumstances he would have chosen to face trial before a three-judge panel rather than accept a plea offer which avoided both the risk of execution and the risk of life in prison without parole. In short, nothing in the record before us indicates that Mr. Mastin's plea was anything other than knowing, intelligent and voluntary.
The assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.